No. 04-15-00122-CR

| | | |
|---|---|---|
| CARLOS BERNARD SMITH APPELLANT | § § § § | IN THE COURT OF APPEALS |
| V. | § § § § § | FOR THE |
| | § § | FOURTH SUPREME JUDICIAL DISTRICT OF TEXAS |
| THE STATE OF TEXAS | § | AT SAN ANTONIO, BEXAR COUNTY TEXAS |

FILED IN THE COURT OF APPEALS AT SAN ANTONIO 2015 OCT 26 PM 2:21 KEITH E. HOTTLE CLERK

---

## LAYMAN'S MOTION TO COURT FOR RECONSIDERATION

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the APPELLANT Carlos Bernard Smith, And files this LAYMAN'S MOTION TO COURT FOR RECONSIDERATION, And will show the Court the following:

THAT Appellant WAS NOT AWARE of the CIRCUMSTANCES of filing APPELLANTS MOTION OF NOTICE TO WITHDRAW FOR MOTION TO ABATE for OUT OF TIME MOTION FOR NEW TRIAL.

THAT Appellant wanted to go back to ORIGINAL PROCESS of Appeal And that being; what was filed by trial attorney on February 24, 2015, 1) Notice of Appeal 2) Motion For New Trial And motion in Arrest of Judgment.

THAT Appellant was denied Counsel during A most critical Stage - "Motion For New Trial" in which Appellant had 75 days to present Any matter outside the Record, in which Appellant did with Defense of Self-defense that was Stated in Affidavit to Supplement motion for New Trial that was filed on march 11, 2015, within 30 days of Sentence + ~~Within~~ before the 75 days expired and Became OPERATION OF LAW.

* Note: DURING this very critical stage APPELLANT HAD NO Counsel OR Representation !!!

THAT Appellant diligently pursued in Attempting to find out who, And To locate Appellate Attorney. Appellant wrote trial lawyer, Criminal District Clerk several times via Certified mail w/Return ~~Reciept Reciept~~ Reciept. And finally wrote State Counsel for Offenders, who then wrote And gave me my Appellate Attorney's name, which I've written and of this day only gotten Appellant's Brief. As of this very day, Attorney contacted or consulted with me.

THAT Appellant sent NOTICE TO COURT OF APPELLATE ATTORNEY'S ACTIONS ON September 16, 2015 with 7 sections of Exhibits explaining how Appellant has been prejudiced And harmed with/by Nominal Representation. The outcome being - Appellant would have A new Trial if only had Been Contacted and Consulted with.

Appellant formally Complain, And Ask for Relief, because Appointed Attorney violated the mandatory provisions in Tx. Code Criminal procedure Article 26.04(j)(1), And then by violating the mandatory provisions in Article 1.051(a), against me(Appellant) And to the demise of my Appeal.

Appellate Attorney Sent Appellant's Brief on September 11, 2015 - There has not ~~Been~~ Been Any Verbal or ~~psyc~~ physical Contact what so ever!!

The only way for Any Attorney, unless he is psychic, to Adduce the Relevant information from his client on Appeal, to put in And Argue in Motion For New Trial proceedings is by 1) making Contact, 2) Conduct An interview to Access the Clients needs And 3) by performing An Adequate consultation before the motion for new Trial Proceedings Sufficient enough to be Able to prepare on time; Or said Another way, by following the mandatory provisions, pursuant to Articles 26.04(j)(1). And 1.051(A) of the Tx. Code of Criminal Procedure.

Appellant has Already filed with the Court of Appeals, many errors "Outside-the-Record," that are facially plausible, And needed to be preserved in Motion For new Trial Proceedings.

21

. IT SAYS IN Alvarez v. State, 79 S.W. 3d 679 that, time period for filing A motion for New Trial is A critical stage of A Criminal proceeding in which defendants Are entitled to Assistance of Counsel. Hearing on A motion for new trial is the only opportunity to present to trial Court Certain matters that may warrant A New Trial, and to make A Record of those matters for Appellate Review.

A motion for New Trial hearing is also the proper time to develope A Record to demonstrate an effective Assistance of Counsel during trial.

Appellate Attorney, by violating the mandatory provisions in Articles 26.04(0) and 1.051(a) has effectively stolen my Rights to the purposes and benifits of motion for New Trial proceedings

Appellant formally asks for A substitution of Counsel, because Appellant has been denied his Right to the effective Assistance of Counsel on his first Appeal. Evitts v. Lucey 469 US 387, 83 L.Ed 2d 821, 105 S.Ct. 830

Just As A transcript may by Rule or Custom be A prerequisite to Appellate Review, the Services of A lawyer will for virtually every LAYMAN be necessary to present an Appeal in A form suitable for Appellate Consideration on the merits

Lawyers are "Necessities not luxuries" in our Adversarial system of Criminal Justice.

Because the Right to Counsel is so fundamental to A fair trial, the Constitution CANNOT tolerate trials in which Counsel, though present in NAME, is unable to Assist the defendant to obtain A fair decision on the merits.

Nominal Representation on An Appeal of Right - like Nominal Representation At trial - does not suffice to Render the proceedings Constitutionally Adequate ; A party whose Counsel is unable to provide effective Representation is in NO better position than one who has no Counsel At All. — A first Appeal As of Right therefore is not Adjudicated in Accord with due Process of law if the Appellant does not have the effective Assistance of An Attorney. [6th & 14th US Constitution]

3/

There can be no question that A showing on direct appeal of A failure to comply with the mandatory provisions of the Texas Code of Criminal Procedure Ann. Art 26.04 would call for Reversal ordinarily without question of Harm or Prejudice. Steward v. State, 422 S.W.2d 733

Appellant would Hope Judges take into Account when an indigent petitioner presents his case As a layman Using lay language or ventures, without the Assistance of Counsel, to express himself in what he thinks is legal language, would hope the Judges Approach in such cases is to try to understand what the uncounseled indigent petitioner is driving at without insisting on precise legal form of detail — He should be Afforded the Opportunity, with the Assistance of Counsel, to flesh out his Assertion, if He can — Coleman v. Peyton, 340 F.2d 603 (4th cir 1965)

WHEREFORE, PREMISES CONSIDERED, APPELLANT prays that the COURT GRANT, LAYMAN'S MOTION TO COURT FOR RECONSIDERATION, for the Reasons previously set out in this motion.

Respectfully Submitted

Charles B. Smith. Pro Se
APPELLANT

NO. 04-15-00122-CR

| | | |
|---|---|---|
| CARLOS BERNARD Smith APPELLANT | § | IN THE COURT OF APPEALS |
| | § | |
| | § | FOR THE |
| | § | |
| | § | |
| V. | § | FOURTH SUPREME JUDICIAL DISTRICT OF TEXAS |
| | § | |
| THE STATE OF TEXAS | § | AT SAN ANTONIO, BEXAR COUNTY TEXAS |

## ORDER

ON this the ____ day of _____, 2015 CAME ON TO BE HEARD the LAYMAN'S MOTION TO COURT FOR RECONSIDERATION in the Above Styled And numbered Cause And the COURT having Considered the SAME is OF the Opinion that Said motion Should in All things be:

GRANTED _____

DENIED _____

_____
JUDGE PRESIDING

## UNSWORN DECLARATION

I, Carlos B. Smith, do swear under penalty of perjury, that the information and facts in the above motion are true and correct on this the 17 day of OCTOBER, 2015.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of LAYMAN'S MOTION TO COURT FOR RECONSIDERATION was served by placing a copy in the U.S. mail on this the 17th day of OCTOBER, 2015 addressed to:

CLERK
COURT OF APPEALS
Cadena-Reeves Justice Center
300 Dolorosa St. Rm. 3200
San Antonio, Texas 78205-3037

_Carlos B. Smith_
APPELLANT

Carlos B Smith #1983514
Ware Unit
1681 South FM 3525
Colorado City Texas 79512

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS
2015 OCT 26 PM 2:21
Keith E. Hottle
KEITH E. HOTTLE, CLERK

CLERK
COURT OF APPEALS
Cadena- Reeves Justice Center
300 Dolorosa st  Rm 3200
San Antonio, Texas 78205-3037

FOREVER
FOREVER

USPS ABILENE TX 79
OCT 20 2015